J-S42007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY L. BLAND, | |
| Appellant | No. 1304 EDA 2014 |

Appeal from the PCRA Order April 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0305581-1984

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                           **FILED AUGUST 07, 2015**

Appellant, Jeffrey L. Bland, appeals *pro se* from the order denying his sixth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On October 18, 1984, a jury found [Appellant] guilty of second degree murder, robbery, criminal conspiracy, and possessing an instrument of crime.  Thereafter, [Appellant] was sentenced to life in prison for the murder conviction[2] and two consecutive, [sic] terms [of] 2.5 to 5 years for the remaining convictions.  Post sentence motions were filed and denied. [Appellant] filed an appeal to the Superior Court which affirmed the judgment of sentence on March 23, 1987, the Supreme

---

[*]  Former Justice specially assigned to the Superior Court.

Court of Pennsylvania denied [Appellant's petition for allowance of appeal] on November 17, 1987.

> [2] For sentences [sic] purposes the robbery conviction merged with the murder conviction.

PCRA Court Opinion, 4/14/14, at 1.

On June 18, 2013, Appellant filed the instant PCRA petition, his sixth. On February 7, 2014, the PCRA court issued a dismissal notice pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and the PCRA court dismissed Appellant's PCRA petition by order entered April 14, 2014. Appellant timely appealed.

Appellant presents the following issues for our review, which we reproduce verbatim:

A. Should not this case be remanded for a hearing on the allegation of trial, appellate and post conviction counsel ineffectiveness.

1. Was not trial counsel ineffective for failing to object to the erroneous and improper jury instruction in that the trial court committed error, instruction in that the trial court committed error when giving and expounding on the law to sustain a felony murder, there was a complete lack of instruction on the issue of proof of corpus delicti before a jury can consider an accused and or an accomplice confession.

2. Petitioner was further denied due process of law and effective representation in that prior trial counsel failed to request these points of charge that were imperative to the case at hand, furthermore Petitioner suffered layered ineffectiveness of counsels given none of these attorneys that this court appointed conducted any factual review of the record or lower courts (i.e. trial and jury instruction) and file an amended petition citing prior trial counsels of ineffectiveness as cited herein.

- 2 -

Appellant' Brief at 3 (unnumbered) (full capitalization omitted).[1]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We must first address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at

---

[1] We note with disapproval that despite the Commonwealth's request for an extension of time within which to file its brief, and our entry of an order granting the Commonwealth an extension of time until April 20, 2015, to file a brief, (Order, 3/9/15), the Commonwealth has failed to submit a brief in this matter.

the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on January 18, 1988,[3] sixty days after the Pennsylvania Supreme Court denied Appellant's appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 20.1.[4] Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on June 18, 2013, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

*(Footnote Continued)* _____

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] We note that because January 16, 1988 fell on a Saturday, Appellant had until January 18, 1988, to file his petition for review. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *see also Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

[4] We observe that the Rules of the United States Supreme Court pertaining to the filing of a petition for *writ of certiorari* have been renumbered and the time-period altered several times since the applicable Rule in this case.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant has attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S. § 9544(b)(1)(iii). Appellant relies upon the United States Supreme Court's decision in ***Martinez v. Ryan***, 132 S.Ct. 1309 (2012). However, Appellant's reliance upon ***Martinez*** is misplaced and entitles him to no relief.

In ***Martinez***, the Supreme Court of the United States recognized, for purposes of federal *habeas corpus* relief, that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." ***Martinez***, 132 S.Ct. at 1315. Moreover, the ***Martinez*** Court specifically cast its holding as "equitable" rather than "constitutional," stating "[t]his is not the case … to resolve whether that exception exists as a constitutional

- 6 -

matter." ***Martinez***, 132 S.Ct. at 1315. Therefore, ***Martinez*** does not provide a basis for Appellant to assert the section 9545(b)(1)(iii) exception to the PCRA's jurisdictional timeliness requirements. ***See Commonwealth v. Saunders***, 60 A.3d 162, 165 (Pa. Super. 2013) (holding that "[w]hile ***Martinez*** represents a significant development in federal *habeas corpus l*aw, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA"). Accordingly, the ruling in ***Martinez*** fails to provide Appellant an exception to the time bar of the PCRA. Thus, the PCRA court did not err in denying Appellant's untimely sixth PCRA petition.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015